IN THE SUPREME COURT OF NORTH CAROLINA

No. 390A18

Filed 29 March 2019

EMILY N. PREISS and WINE AND DESIGN, LLC

v.

WINE AND DESIGN FRANCHISE, LLC, HARRIET E. MILLS, PATRICK MILLS, and CAPITAL SIGN SOLUTIONS, LLC


Appeal pursuant to N.C.G.S. § 7A-27(a) from an order on motion for sanctions dated 19 July 2018 entered by Judge Gregory P. McGuire, Special Superior Court Judge for Complex Business Cases, in Superior Court, Wake County, after the case was designated a mandatory complex business case by the Chief Justice under N.C.G.S. § 7A-45.4.   Heard in the Supreme Court on 6 March 2019.

*Law Offices of Hayes Hofler, P.A., by R. Hayes Hofler, III, pro se, appellant.*

*Batten Lee, PLLC, by Kari R. Johnson, Gloria T. Becker, and Matthew D. Mariani, for defendant-appellees Harriet E. Mills, Patrick Mills, and Capital Sign Solutions, LLC.*


PER CURIAM.


AFFIRMED.

STATE OF NORTH CAROLINA

COUNTY OF WAKE

EMILY N. PREISS and WINE AND
DESIGN, LLC

Plaintiffs,

v.

WINE AND DESIGN FRANCHISE,
LLC; HARRIETT E. MILLS;
PATRICK MILLS; and CAPITAL
SIGN SOLUTIONS, LLC,

Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
17 CVS 11895

**ORDER ON MOTION FOR
SANCTIONS AND TO COMPEL
DEPOSITION**

THIS MATTER comes before the Court upon Defendants Harriett E. Mills, Patrick Mills, and Capital Sign Solutions, LLC's ("the Mills Defendants") Motion for Sanctions and to Compel Deposition, ("Motion", ECF No. 93), and a memorandum in support of the Motion. (ECF No. 94.) The Mills Defendants seek sanctions pursuant to Rule 37 of the North Carolina Rules of Civil Procedure. N.C. Gen. Stat. § 1A-1, Rule 37 (hereinafter, references to the General Statutes will be to "G.S." and references to the Rules of Civil Procedure will be to "Rule(s)"). On June 11, 2018, Plaintiffs filed a response in opposition to the Motion. (Pl. Resp. Opp. Mot. for Sanctions and Compel Depo., ECF No. 107.)

On July 6, 2018, the Court held a hearing on the Motion. At the hearing, the Court advised counsel that it would grant the Motion and asked counsel for the Mills Defendants to file with the Court an affidavit in support of her request for attorneys' fees and costs. Thereafter, counsel for the Mills Defendants, Gloria T. Becker

-2-

("Becker"), filed two affidavits in support of her request for attorneys' fees. (ECF Nos. 114 and 115.)

THE COURT, having carefully considered the Motion, the briefs filed in support of and in opposition to the Motion, the arguments of counsel at the hearing, and other appropriate matters of record, concludes, in its discretion, that the Motion should be GRANTED for the reasons set forth below.

## I.    FACTUAL BACKGROUND

On February 12, 2018, the Court filed the Case Management Order ("CMO") in this action. (CMO, ECF No. 49.) The CMO provided that "[t]he depositions of Plaintiffs Emily Preiss and Wine and Design, L.L.C. shall take place . . . no later than April 16, 2018. Defendants shall be permitted to take Plaintiffs' deposition before any other party is deposed." (ECF No. 49, at p. 4.)

On March 16, 2018, Defendants noticed the deposition of Emily Preiss ("Preiss") for April 11, 2018, after confirming that date and time of was agreeable to all Parties. (Pl. Mot. for Protective Order, ECF No. 62, at ¶ 1.)

On April 4, 2018, Plaintiffs filed a Motion for Protective Order pursuant to Rule 26(c) requesting that the Court "disallow" the Mills Defendants from taking Preiss's noticed deposition on April 11, 2018 because "the notices of deposition [were] interposed on Ms. Preiss to annoy, confuse, harass and oppress her [and ] [e]ven if not for those purposes, Ms. Preiss cannot be expected to give a coherent deposition under her present mental incapacities." (ECF No. 62, at p. 3.) Also on April 4, 2018, Plaintiffs filed a Motion for Extension of Discovery Deadlines (ECF No. 64) requesting

a 30-day extension of the time allowed to complete fact discovery. On April 5, 2018, the Mills Defendants filed written responses to the Motion for Protective Order (ECF No. 65) and the Motion for Extension of Discovery Deadlines (ECF No. 66) in which they catalogued the various ways counsel for Plaintiffs had utilized motions practice to avoid participating in the discovery process.

The Court issued an Order that expedited the briefing schedule for the Motions. (Order Expediting Briefing, ECF No. 67.) The Court was unable to hold a hearing on Plaintiffs' motions until April 11, 2018, effectively preventing the Mills Defendants from taking the noticed depositions of Preiss on that date. (Notice of Hearing and Or. To Appear, ECF No. 71.)

At the hearing on April 11, 2018, the Court orally notified counsel that the depositions of Preiss and Wine and Design, L.L.C. would thereafter be Ordered to take place on April 25, 2018, starting at 9:00 a.m., at the offices of counsel for the Mills Defendants in Raleigh, North Carolina.

On April 12, 2018, the Court issued an Order on Plaintiffs' Motion for Extension of Discovery Deadlines. (ECF No. 73.) The Order stated that "[t]he depositions of Plaintiffs Emily Preiss and Wine and Design, L.L.C. **shall take place on April 25, 2018** . . . starting at **9:00 a.m.**" (ECF No. 73, at p. 2 (emphasis in original).)

Also on April 12, 2018, the Court issued an Order on Plaintiff's Motion for Protective Order (ECF No. 74) that contained a second explicit statement that "the depositions of Plaintiffs Emily Preiss and Wine and Design, L.L.C. shall take place

at 4141 Parklake Avenue, Suite 350, Raleigh, North Carolina 27612 on April 25, 2018 beginning at 9:00 a.m." (ECF No. 74, at p. 2 n. 1.)

On April 25, 2018 at 9:00 a.m. Becker and counsel for Defendant Wine and Design Franchise, LLC were present at the designated location for the deposition, had a court reporter present, and were prepared to take Preiss's deposition. However, neither Preiss nor Plaintiff's counsel, R. Hayes Hofler ("Hofler") appeared at the designated location. At 9:30 a.m. neither Preiss nor Hofler had yet appeared, and Becker released the court reporter to leave. Shortly thereafter, Hofler telephoned Becker and claimed that he mistakenly believed the deposition was scheduled to begin at 10:00 a.m. (Br. Supp. Mot. for Sanctions, ECF No. 94, at p. 2.) When Becker asked if Hofler was on his way to Raleigh from his Durham office[1], Hofler responded that he had not yet left his office. (*Id.*) Becker advised Hofler that, under the circumstances, she would not recall the court reporter and wait indefinitely for Hofler and Preiss to appear.[2]

## II.    LEGAL ANALYSIS

### A. *Rule 37(d) justifies an award of sanctions against Hofler, in this case*

Rule 37 provides that

> If a party . . . fails [ ] to appear before the person who is to take his deposition, after being served with proper notice, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subdivisions a, b, and c of subsection

---

[1] Mills Defendants contend, and Hofler does not dispute, that Hofler's offices are at least 30 minutes away from the location designated for the depositions.

[2] Preiss apparently appeared at the deposition location, alone, at 10:30 a.m.

(b)(2) of this rule. **In lieu of any order or in addition thereto**, the court shall require the party failing to act to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Rule 37(d)(emphasis added). The available sanctions under Rule 37(b)(2)(a)–(c) include:

a. An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

b. An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;

[and]

c. An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

Although the Court would be inclined to consider more severe sanctions, Becker made clear at the hearing that she seeks only an award of fees in this situation.

There is no dispute that Preiss and Hofler did not appear at the designated time and location for the Court-ordered deposition of Preiss. Instead, Hofler contends that he mistakenly thought that the deposition was scheduled to begin at 10:00 a.m., and was willing to proceed with the deposition at a later time after he and Preiss

-6-

arrived at the deposition location. Hofler argues that he should not be required to pay attorneys' fees because Preiss did not fail to appear at her deposition, she merely arrived late, and her late arrival was the result of Hofler's mistake. (ECF No. 107, at pp. 6–8.) Such mistake, Hofler contends, is a "circumstance[ ] mak[ing] an award of expenses unjust." (*Id* (citing Rule 37(d)).)

The Court is not persuaded by Plaintiffs' argument, considering the factual and procedural background of this Motion and this case. The time set for the deposition was noted clearly in open court, featured in bold-face type in the Order on the Motion for Extension of Discovery Deadlines, and cross-referenced in the Order on the Motion for Protective Order issued that same day. There was no excuse that substantially justified Hofler's mistake as to the time for the deposition.

### B. Counsel for the Mills Defendants has presented sufficient evidence to justify an award of attorneys' fees in the amount requested

"[A]n award of attorney's fees usually requires that the trial court enter findings of fact as to the time and labor expended, skill required, customary fee for like work, and experience or ability of the attorney based on competent evidence." *Couch v. Private Diagnostic Clinic*, 146 N.C. App. 658, 672, 554 S.E.2d 356, 366 (2001).

The Mills Defendants seek a total of $4,100.00 in fees for services and costs. Mills Defendants submitted affidavits in support of the attorneys' fees and costs incurred from Preiss and Hofler's failure to appear at the deposition. (Becker Affs., ECF Nos. 114 and 115.) The Mills Defendants seek fees in the amount of $3,770.00 for: 10.3 hours of legal services performed by Becker at an hourly rate of $225.00; 5.9

-7-

hours of legal services performed by Matthew D. Mariani at an hourly rate of $175.00; and 5.6 hours of paralegal work at an hourly rate of $75.00. (ECF No. 115, at ¶ 6.) The Mills Defendants also seek costs for Superior Court Reporting (appearance and deposition fee) of $330.00. (*Id.*)

The hourly fees charged by Becker and Mariani are discounted to the Mills Defendants, and are substantially below the hourly rates they typically charge. (ECF No. 115, at ¶¶ 3 and 4.) The hourly rates charged by the two attorneys and the paralegal also are lower than rates charged by comparably skilled and experienced attorneys practicing complex business litigation law in North Carolina. The Mills Defendants submitted evidence that the standard and customary rates charged for such services "range from $250.00/hour to $400.00/hour for a Partner; $200.00/hour to $300.00/hour for associates; and $100/hour to $150[.00]/hour for paralegals." (ECF No. 115, at ¶ 5.)

The Mills Defendants also submitted evidence that the professional services performed as a result of Preiss and Hofler's failure to appear at the deposition included "drafting and serving of the amended Notices of Deposition . . . ; attendance of the actual depositions where [P]laintiffs and counsel failed to appear; drafting and filing of the [Motion]; researching case law, drafting and filing of the Memorandum of Law in Support of the [Motion]; preparation for the hearing on the [Motion]; travel to/from and attendance of hearing on [the Motion]; and drafting of" the first evidentiary affidavit. (ECF No. 115, at ¶ 7.) The Court concludes that each of the tasks described in Becker's affidavit are attributable, and were reasonably necessary,

to respond Preiss and Hofler's failure to appear at the noticed deposition.

The Mills Defendants have provided sufficient evidence of the time and labor required to litigate this discovery violation and the costs incurred. The Mills Defendants' counsel are experienced civil litigation attorneys, and the Court concludes that the skill needed to perform the services attributable to Preiss and Hofler's failure to appear at the noticed deposition required attorneys with such experience. The Court finds the rates charged by counsel in the present matter are lower than those charged by other attorneys with similar experience, skill, and ability to that of the Mills Defendants' counsel.

Accordingly, the Court finds that the amount of fees and costs requested by counsel for the Mills Defendants is reasonable, and the Court must award such reasonable fees and expenses pursuant to Rule 37(d).

## III. CONCLUSION AND ORDER

THE COURT, having considered the Motion, the briefs filed in support of and in opposition to the Motion, and other appropriate matters of record in this case including the fact that the April 25, 2018 deposition was Court-ordered after Plaintiffs filed motions in an attempt to avoid the previously scheduled depositions of Preiss, CONCLUDES in its discretion that the Motion for Sanctions should be GRANTED.

THEREFORE, IT IS ORDERED that R. Hayes Hofler, as Plaintiffs' Counsel, is hereby sanctioned pursuant to Rule 37(d), is individually liable to counsel for the Mills Defendants for $4,100.000, the amount Mills Defendants' counsel incurred as a

result of Plaintiffs' failure to attend a Court-ordered deposition.

Hofler must pay such amount to Mills Defendants' counsel **on or before Friday, August 3, 2018**.

The Court reserves, for consideration at a later date, the Mills Defendants' motion to compel the deposition of Plaintiffs.

SO ORDERED, this the 19th day of July, 2018.


 /s/ Gregory P. McGuire
Gregory P. McGuire
Special Superior Court Judge for
Complex Business Cases